IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| WENDY GREGORY, an individual and CHRISTOPHER GREGORY, an individual, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-554-D |
| MARY FALLIN, Governor of the State of Oklahoma, and DENISE NORTHRUP, individually, | ) ) ) ) ) | (Oklahoma County District Court Case No. CJ-2013-686) |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Plaintiffs' motion to remand this case to the state court from which it was removed by Defendants [Doc. No. 11]. Plaintiffs assert that Defendants' Notice of Removal filed May 29, 2013, was untimely. Defendants have filed a joint response and objection to the motion to remand [Doc. No. 14], and Plaintiffs have filed a reply [Doc. No. 17].

The operative statutes which govern this motion are 28 U.S.C. § 1446(b)(1) and 28 U.S.C. § 1446(b)(3), which provide in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Defendants filed their Notice of Removal within 30 days after Plaintiffs filed the Amended Petition, arguably following the dictates of §1446(b)(3). Plaintiffs assert that Defendants should have filed their Notice of Removal within 30 days after Plaintiff Wendy Gregory served her "Unopposed Motion and Supporting Brief to Amend and File Her First Amended Petition" on or about March 4, 2013 (date of filing).[1]

Plaintiff Wendy Gregory's original Petition, in a cause of action entitled "Wrongful Termination," alleged in pertinent part as follows:

> 23. Federal law expressly prohibits an employer such as the Defendants from terminating an employee who has been subjected to only one garnishment. Indeed:
>
>> a) Termination of employment
>> No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.
>>
>> b) Penalties

---

[1] Plaintiff Christopher Gregory was added as a party by the Amended Petition.

> Whoever willfully violates subsection (a) of this section shall be fined not more than $1,000, or imprisoned not more than one year or both.
>
> \* \* \* \*
>
> 27. Independent and/or in the alternative Oklahoma public policy prohibits an employer such as the Defendant [sic] from retaliating and/or terminating the employment of an employee for having her wages or salary garnished.

*See* Petition at ¶¶ 23 & 27. Paragraph 23 of the Petition contains a quotation of 15 U.S.C. § 1674.

In "Plaintiff's Unopposed Motion and Supporting Brief to Amend and File Her First Amended Petition" which was filed on March 4, 2013, in part to address Defendants' motion to dismiss, Plaintiff Wendy Gregory stated as follows:

> The Plaintiff alleges that the Defendants' decision to terminate her employment on grounds that she received one salary garnishment/levy on her earned income as the Director of Ms. Fallin's Tulsa Office violated federal law <u>and</u> Oklahoma public policy.

*See* Exhibit 4 to Motion to Remand at p.1 (emphasis added). Defendants should have been able to ascertain from the original Petition that Plaintiff Wendy Gregory was claiming Defendants terminated her employment in violation of federal law. Certainly, however, Defendants were able to discern from the Motion and Supporting Brief to Amend filed on March 4, 2013, that Plaintiff Wendy Gregory was alleging a claim for wrongful termination based on federal law as well as a claim based on a violation of Oklahoma public policy. Yet Defendants did not file their Notice of Removal until May 29, 2013. Accordingly, Defendants' Notice of Removal was untimely under either 28 U.S.C. § 1446(b)(1) or 28

3

U.S.C. §1446(b)(3) and this case must be remanded to the District Court of Oklahoma County.

In accordance with the foregoing, Plaintiff's motion to remand [Doc. No. 11] is GRANTED and this case is REMANDED to the District Court of Oklahoma County, Oklahoma.

IT IS SO ORDERED this 17th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE