IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WENDY GREGORY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-554-D |
| | ) | |
| MARY FALLIN, Governor of the State of Oklahoma, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiffs' Motion for Award of Attorneys' Fees [Doc. No. 34], filed pursuant to 28 U.S.C. § 1447(c) following a remand of the case to state court due to an untimely notice of removal. Defendants have objected to the Motion, which is at issue.[1]

Plaintiffs request an award of attorney's fees in the amount of $6,806.25 as "payment of just costs . . . incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). Plaintiffs acknowledge that an award is discretionary, but they assert that "a 'defendant's untimeliness in filing his notice of removal is precisely the type of removal defect contemplated by § 1447(c).'" *See* Motion at 2 (quoting *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011), internal quotation omitted). In response, Defendants contend they had an objectively reasonable basis for the late removal, and thus, an award of fees is unwarranted.

---

[1] Plaintiffs did not file a reply brief within the time limit of LCvR7.1(i) but, instead, made an untimely filing on February 20, 2014, without leave of court. Plaintiffs' unauthorized brief is disregarded.

Although not raised by the parties, the Court first addresses its jurisdiction to award attorney's fees after a case has been remanded to state court. The statute authorizing an award states simply that "[a]n order remanding the case may require payment of just costs and . . . actual expenses." *See* 28 U.S.C. § 1447(c). Ordinarily, "the transmission of the remand order from the federal district court clerk to the state court, as contemplated by § 1447(c), operates to divest federal district courts of further jurisdiction over the case." *See BP America, Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1033-34 (10th Cir. 2010) (emphasis omitted). However, federal appellate courts that have addressed the issue have concluded that a district court retains jurisdiction to consider collateral matters after remand and that attorney's fees may be awarded under a separate order. *See State of Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000) (citing cases). Here, Plaintiffs included a general request for attorney's fees in their Motion to Remand [Doc. No. 11], and the present Motion was filed within the time limit of Fed. R. Civ. P. 54(d)(2). Therefore, the Court proceeds to consider it.

The Supreme Court determined in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

Defendants argue that they acted reasonably in filing their Notice of Removal on May 29, 2013, within 30 days after Plaintiffs filed an amended state-court petition that stated

federal claims. In ordering remand, the Court found that Defendants knew earlier Plaintiff Wendy Gregory was asserting a claim arising under federal law, 15 U.S.C. § 1674, both through the allegations of her initial pleading and an unopposed motion to amend that clearly articulated her theory of recovery. Defendants do not challenge this finding but instead contend their counsel was objectively reasonable, although mistaken, in believing that Plaintiffs' filing of the amended pleading on April 29, 2013, triggered a right of removal.

The Court agrees with Defendants' position. The facts of this case are quite different from those of *Garrett*, on which Plaintiffs rely. In that case, the district court determined that an award of fees should be made against a defendant who filed a notice of removal in a case that had been pending in state court for more than five years and who "'lacked any colorable basis for removing in the first place.'" *See Garrett*, 652 F.3d at 1253 (quoting the record). Regarding timeliness, the district court stated:

> "Nothing that occurred in the thirty days prior to removal could have given [the defendant] a reasonable belief that the suit had become removable. Indeed, it appears from the record that [the defendant's] removal had far less to do with obtaining federal jurisdiction than it did with avoiding state-court jurisdiction . . . . Where, as here, a litigant's decision to remove comes years late and appears to have been spurred by a desire to avoid an adverse state-court ruling, no objectively reasonable ground for removal exists."

*Id.* at 1253-54 (quoting the record).

In contrast here, Defendants filed their notice of removal within thirty days of an event that they believed triggered a right of removal. Under these circumstances, the Court cannot say that Defendants lacked an objectively reasonable basis for effectuating the removal when they did. There is no question that but for Defendants' untimeliness, the removal would have

3

been entirely proper. Therefore, the Court finds that no award of attorney's fees under § 1447(c) should be made.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Award of Attorneys' Fees [Doc. No. 34] is DENIED.

IT IS SO ORDERED this 26th day of February, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE